UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald Joseph Wirth, Jr., and Nicholas Thomas Stroeder, | Case No. 24-CV-1595 (ECT/ECW) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| James Julis Burton, Jane Doe Number 1, Jane Doe Number 2, Jane Doe Number 3, Jane Doe Number 4, John Doe Number 1, John Doe Number 2, John Doe Number 3, John Doe Number 4, and John Doe Number 5, | |
| Defendants. | |

This matter comes before the Court on three filings by Plaintiffs Donald Joseph Wirth, Jr., and Nicholas Thomas Stroeder—their Complaint (Dkt. 1) as well as their applications to proceed *in forma pauperis* ("IFP") in this action (Dkt. 4 and 5). For the following reasons, the Court recommends dismissing this action for lack of jurisdiction and denying the IFP applications as moot.

This action commenced on May 2, 2024, when the Court received the Complaint. (*See* Docket.) Wirth and Stroeder are both "clients" of the Minnesota Sex Offender Program ("MSOP"). (*See* Dkt. 1 at 1.) One defendant in this action—James Julis Burton—is also an MSOP client. (*See id.* at 2.) The other nine defendants are all unspecified MSOP "employee[s]"; Plaintiffs purport to sue these employees in their individual capacities as well as their official capacities. (*Id.*)

The Complaint alleges that after earlier civil litigation, Wirth got a state-court judgment against Burton. (*See id.* at 4.) Notwithstanding this judgment, Burton apparently has not attempted to pay Wirth. (*See id.*) Plaintiffs also allege that various MSOP employees "are aware of this situation," but have not themselves tried to make Burton pay. (*Id.*) For relief, Plaintiffs ask for (as relevant here) $3,400 in "actual damages" in $50,000 in punitive damages.[1] (*Id.* at 4-5.)

The IFP applications submitted by Plaintiffs indicate that as a financial matter, they qualify for IFP status. But under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction [over an action], the court must dismiss [it]."

The Court finds that subject-matter jurisdiction does not exist here. Given the Complaint's brief reference to 42 U.S.C. § 1983 (Dkt. 1 at 1), the Court assumes that Plaintiffs mean to proceed here based on federal-question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether federal question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). But the Court knows of no federal

---

[1] While it does not matter for purposes of this case's resolution, the Court notes that nothing in the Complaint explains how Stroeder fits into this dispute between Wirth and Burton.

statute—much less any constitutional right—that creates a federal private right of action for one civilly committed individual to enforce a state-court judgment against another private MSOP client.  Nor is there any obvious federal cause of action against state employees who work in the relevant institution and (allegedly) know about a relevant state-court judgment, but take no enforcement actions themselves.  Further, § 1983, as set forth in the Complaint, only "holds out a mechanism to vindicate" a "violation of a federal right." *Midwest Foster Care & Adoption Ass'n v. Kincade*, 712 F.3d 1190, 1195 (8th Cir. 2013).  Simply put, based on the allegations in the Complaint, Plaintiffs' ability to collect on the relevant judgment is a state-court matter, not one for this Court.[2]  *See Hazen Research, Inc. v. Omega Minerals, Inc.,* 497 F.2d 151, 154 n. 1 (5th Cir. 1974) ("[A] fight over the enforcement of a state court judgment is not automatically entitled to a federal arena.") (citations omitted); *Bright v. Mut.*, No. 4:17-CV-47-TAV-SKL, 2018 WL 1524603, at *4 (E.D. Tenn. Mar. 28, 2018) ("Federal courts generally lack authority to enforce state-court judgments.") (citation omitted); *Jones v. Goldberg*, No. 1:12-CV-3545-TWT, 2012 WL 5880942, at *1 (N.D. Ga. Oct. 23, 2012), *R. & R. adopted*, 2012 WL 5880939 (N.D. Ga. Nov. 20, 2012) ("Plaintiff, however, does not allege the cause(s) of action on which he prevailed in state court, nor does he identify any federal statutes under which the actions were brought.  Thus, nowhere on the face of either complaint does Plaintiff assert a claim arising under the Constitution, laws, or treaties of the United States.") (marks and citation omitted); *Ramirez v. Gonzalez,* No. 6:08–cv–20–Orl–

---

[2]  Nor does diversity jurisdiction under 28 U.S.C. § 1332 exist here: most if not all of the Defendants are, like Plaintiffs, residents of Minnesota.

19GJK, 2008 WL 190589, at *1 (M.D. Fla. Jan. 22, 2008) (holding no federal question subject matter jurisdiction when the plaintiff merely sought enforcement of Nevada state court judgment).

The Court therefore recommends dismissing this action without prejudice for lack of jurisdiction. Given this recommendation, the Court further recommends denying both IFP applications as moot.[3]

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. The Complaint filed by Plaintiffs Donald Joseph Wirth, Jr., and Nicholas Thomas Stroeder (Dkt. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. The applications to proceed *in forma pauperis* filed by Wirth and Stroeder be **DENIED** as moot.

Dated: June 11, 2024

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

---

[3] Somewhat puzzlingly, the Complaint asks the Court to "take this case and remand it back to state court for further proceedings." (Dkt. 1 at 4.) But Plaintiffs themselves filed this case in federal court—i.e., this action itself did not originate in state court. And so it cannot be "remanded"—that term refers to the act of sending a case back to state court after it is has been "removed" to federal court. The Court therefore will not remand this case. Again, the Court is recommending dismissal without prejudice.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).